IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY GRADY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 11-923-GPM |
| | ) |
| NURSE BROOKS, NURSE CUNNINGHAM, and DR. FENOGLIO, | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is Defendants'[1] motion to dismiss for failure to prosecute (Doc. 30).

On August 21, 2012, the Court entered an Order pursuant to 28 U.S.C. § 1915A, dismissing all but the above-named Defendants from Plaintiff's 8-defendant complaint (Doc. 10). In that Order, Plaintiff was informed that he remained: "under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution." (Doc. 10). *See also* SDIL LOCAL RULE 3.1(b).

In their motion to dismiss for failure to prosecute, Defendants state that multiple documents served on Plaintiff have been returned as undeliverable (Doc. 30, ¶ 3). Defendants

---

[1] In Defendants' papers, Defendants are identified as "Christine Brooks, RN," "Lorie Cunningham, RN," and "James Fenoglio, MD."

Page 1 of 2

attached as exhibits "return to sender" envelopes (Doc. 30-1). Plaintiff has also clearly failed to update his address with the Court—three Orders of the Court have been returned as undeliverable (Docs. 14, 27, 29). In fact, the "RETURN TO SENDER/REFUSED/UNABLE TO FORWARD" mail was all marked "Paroled" (*Id.*). Whether Plaintiff is incarcerated now or not, he has abandoned this suit. In addition to the returned Court Orders and returned notices of Defendants with no address update, Plaintiff has also failed to respond to a pending motion for summary judgment. Defendants' motion for summary judgment for failure to exhaust was filed November 30, 2012 (Doc. 31). Plaintiff's response was due no later than January 3, 2013. There has been no response. Neither has there been a response to Defendants' motion to dismiss for lack of prosecution. In fact, Plaintiff's last contact with the Court in this matter was approximately a year ago (Doc. 9).

In light of Plaintiff's failure to participate in the action, and failure to comply with the Local Rules and with this Court's Order directing him to inform the Court of a valid address, this action is **DISMISSED with prejudice** for failure to prosecute and failure to comply with a Court Order. F.R.CIV.P. 41(b). Defendants' motion to dismiss is **GRANTED** (Doc. 30). Because this dismissal "operates as an adjudication on the merits" Defendants' motion for summary judgment is **MOOT**.[2] F.R.CIV.P. 41(b). The case shall be closed on the Court's docket.

**IT IS SO ORDERED.**

DATED: January 16, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[2] While the motion for summary judgment for failure to exhaust administrative remedies is moot in light of the Rule 41(b) dismissal, the Court considers Plaintiff's failure to respond to that motion an accession to its merits pursuant to Southern District of Illinois Local Rule 7.1(c).