IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY GRADY,

      Plaintiff,

vs.

DIRECTOR OF THE ILLINOIS
DEPARTMENT OF CORRECTIONS, *et al.*,

      Defendants.

Case No. 11-cv-923-JPG-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's motions to proceed (Doc. 40), for speedy trial (Doc. 41), to appeal and for reconsideration (Doc. 42), and to appeal *in forma pauperis* (Doc. 44). For the following reasons, the Court denies the motions.

1. **Background**

On October 14, 2011, plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 alleging defendants Nurse Brooks, Nurse Cunningham, and Dr. Fenoglio were deliberately indifferent to his medical needs arising from diabetes. The referral order warned plaintiff he remained

> under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.

(Doc. 10). After filing his complaint, plaintiff failed to participate in this case. On November 1, 2012, and November 19, 2012, plaintiff's mail was returned as undeliverable (Doc. 27). Defendants filed a motion to dismiss for lack of prosecution (Doc. 30) and for summary judgment (Doc. 31). Plaintiff failed to respond. On January 16, 2013, Judge Murphy granted

defendants' motion to dismiss for lack of prosecution and dismissed the case with prejudice (Doc. 38). On March 17, 2014, over a year after Judge Murphy dismissed the case, plaintiff filed the instant motions seeking reconsideration of the order dismissing the case and to appeal *in forma pauperis*. The Court will consider each request for relief in turn.

## 2. Motions to Proceed, for Speedy Trial, to Appeal and for Reconsideration (Docs. 40-42)

The Court construes plaintiff's motions to proceed, for speedy trial, and to appeal and for reconsideration as Rule 60(b) motions for reconsideration of Judge G. Patrick Murphy's Order dismissing this case (Doc. 38). It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table). Furthermore, ignorance of a litigant or attorney is not appropriate grounds for relief under Rule 60(b). *McCormick*, 230 F.3d at 327.

Here, plaintiff fails to offer a ground under Rule 60(b) for which this Court could grant him the relief he seeks. For instance, he fails to argue any circumstances that would allow this

Court to infer excusable neglect, inadvertence, or mistake.  The record indicates that plaintiff failed to prosecute his case as evidenced by his failure to participate in the case after filing his complaint, failure to reply to defendants' motions, and failure to update the court with his current address.  Thereafter, he waited over a year after Judge Murphy dismissed the case to seek reconsideration.  Accordingly, the Court denies plaintiff's motions to proceed, for speedy trial, to appeal and for reconsideration.

### 3.  Motion for Leave to Appeal *in Forma Pauperis* (Doc. 44)

For the following reasons, the Court finds that plaintiff's appeal is not taken in good faith and denies his motion for leave to appeal *in forma pauperis*.  A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith.  28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3)(A).  A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).  The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The Court has no doubt that plaintiff is indigent.  The Court, however, is unable to conclude that plaintiff's appeal is taken in good faith.  For the reasons discussed above, no reasonable person could argue that plaintiff failed to prosecute his case.  Therefore, the Court certifies that this appeal is not taken in good faith and accordingly denies the motion for leave to proceed on appeal *in forma pauperis* (Doc. 44).

**4. Conclusion**

In sum, the Court **DENIES** plaintiff's motions to proceed, for speedy trial, to appeal and for reconsideration, and for leave to proceed on appeal *in forma pauperis* (Docs. 40-42 & 44).

**IT IS SO ORDERED.**

**DATED:** March 25, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
